EL PUEBLO, DEMANDANTE Y APELADO, *v.* VERGNE DE LA CONCHA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por infracción a la Ley de Automóviles.

No. 1269.—Resuelto en junio 25, 1918.

AUTOMÓVILES—LICENCIAS—ALEGACIONES NECESARIAS.—En una denuncia por el uso de automóviles sin pagar los derechos exijidos por la ley, la falta de pago debe alegarse expresamente.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. H. Brown* y *P. A. Rivera.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La denuncia, en lo pertinente, dice así:

"El acusado Pedro Vergne de la Concha, ilegal, maliciosa y voluntariamente, violó lo dispuesto en la Ley de Automóviles de Puerto Rico permitiendo que el automóvil No. "M 39" de su propiedad, con licencia de servicio municipal en San Juan, guiado por el *chauffeur* Carlos Beauchamps, No. 1959, fuera usado de servicio público, trayendo 4 pasajeros a Bayamón."

Con esa denuncia como base, se juzgó y condenó al acusado. Este, no conforme con la sentencia, apeló y uno de los errores que señala es el de que la denuncia no aduce hechos constitutivos de delito.

El artículo 10 de la ley No. 75, de 1916, para reglamentar el uso de vehículos de motor, prescribe los derechos que deben satisfacerse por los dueños de dichos vehículos. Los automóviles que actúen de porteadores públicos en más de

un municipio, en adición a los demás derechos prescritos, deberán pagar treinta pesos por año. Esa es la violación que, según el Fiscal, se imputa al acusado, esto es, que el acusado actuó como porteador público, sin satisfacer previamente el impuesto exigido por la ley.

¿Contiene la denuncia hechos bastantes? A nuestro juicio no los contiene. Las palabras "fuera usado de servicio público" constituyen una conclusión legal. Y las que les siguen: "trayendo 4 pasajeros a Bayamón," no son lo suficientemente específicas para que pueda concluirse que el acusado actuó como un porteador público. Ni siquiera se dice en la denuncia que los pasajeros fueron conducidos mediante pago, pudiendo referirse a un hecho casual o a un servicio puramente accidental. En ninguna parte de la denuncia se afirma que el acusado dejó de pagar el derecho exigido por la ley y esta alegación era necesaria, según puede verse del caso No. 1268, *El Pueblo* v. *Vergne,* que acabamos de decidir.

Por virtud de lo expuesto debe revocarse la sentencia apelada y absolverse al acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.